United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 21-7055                      September Term, 2021
FILED ON: JULY 1, 2022

TIFFANY WASHINGTON,
        APPELLANT

v.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,
        APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-01396)

Before: HENDERSON, ROGERS and WILKINS, *Circuit Judges*.

**J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The Court has afforded the issues full consideration and determined that they do not warrant a published opinion. *See* FED. R. APP. P. 36; D.C. Cir. R. 36(d). For the following reasons, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court be **AFFIRMED**.

In May 2020, Appellant Tiffany Washington sued her former employer, the Washington Metropolitan Area Transit Authority ("WMATA"), for sex, race, and disability discrimination under Title VII and the Rehabilitation Act. Ms. Washington, an African American woman who suffers from undisclosed disabilities, worked as a police officer for WMATA from 2001 until her termination in 2019. This case represents her third Title VII suit against WMATA in the past six years.

At issue are Ms. Washington's successive administrative charges, and we recount the details of the two relevant to this appeal. On October 23, 2018, Ms. Washington filed her second Equal Employment Opportunity Commission ("EEOC") charge, alleging discrimination on the

basis of race, sex, disability, and retaliation by WMATA. J.A. 98 ("Second Charge"). On April 25, 2019, a few weeks after her termination, Ms. Washington amended the Second Charge to include wrongful termination. J.A. 101–02. The EEOC issued Ms. Washington a right-to-sue letter on August 2, 2019, which she relied on to file her second lawsuit against WMATA. J.A. 38, 103.

While the second lawsuit was pending, on September 16, 2019, Ms. Washington filed a third and final EEOC charge ("Third Charge") based on sex, race, disability discrimination, hostile work environment, and retaliation. J.A. 105–06. Here, Ms. Washington filled in the contours of her previous two charges by elaborating on her sexual harassment claims, alleging differential treatment, and being subjected to a fitness-for-duty exam without warning. Ms. Washington identified the last date of a discriminatory action as the date of her termination—April 5, 2019.

On February 3, 2020, the District Court dismissed Ms. Washington's second suit without prejudice for lack of service. Shortly thereafter, on February 13, 2020, the EEOC issued her a right-to-sue letter for her Third Charge. J.A. 111. Finally, on May 26, 2020, Ms. Washington brought the instant suit, based on her Third Charge, for discrimination and retaliation under Title VII, as well as disability discrimination and denial of reasonable accommodation under Title VII and the Rehabilitation Act. J.A. 39.[1] The District Court granted WMATA's motion to dismiss upon finding Ms. Washington's claims untimely. *Washington v. WMATA*, No. 1:20-cv-01396, 2021 WL 1226766, at *1 (D.D.C. Mar. 31, 2021). The Court concluded that Ms. Washington could not revive previously exhausted claims in her Third Charge, nor could she add new allegations that occurred more than 180 days prior to filing. *Id.* at *2–3.

Ms. Washington timely filed a notice of appeal, which we have jurisdiction over pursuant to 28 U.S.C. § 1291. We review a motion to dismiss *de novo*. *Herbert v. Nat'l Academy of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

Title VII, 42 U.S.C. § 2000e-2 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701(b), protect individuals from workplace discrimination on the basis of protected categories, including sex, race, and disability. To bring a discrimination or retaliation claim under either statute, an individual must first exhaust her administrative remedies by filing a timely discrimination charge with the EEOC. 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a(a)(1). Two limitation periods govern such claims: (1) an individual must file an administrative charge with the EEOC no later than 180 days from the allegedly unlawful employment practice, *see* 42 U.S.C. § 2000e-5(e)(1); and (2) an individual who wishes to file a civil suit must do so within 90 days of receiving a right-to-sue letter from the EEOC, *see id.* § 2000e-5(f)(1).

The question before us is whether Ms. Washington's Third Charge presents new and timely claims, rather than merely replicating her expired Second Charge. It is widely accepted that a

---

[1] There is some uncertainty as to whether Ms. Washington properly filed this suit within 90 days of receiving the third right-to-sue letter. Appellee Br. at 7–8 n.2. Because the Court concludes that Ms. Washington's claim is untimely on other grounds, it is unnecessary to reach this question, and does not do so given the parties' dispute regarding the date of receipt and the lack of information on this matter in the record.

2

plaintiff cannot revive claims stemming from an expired administrative charge in a ripe charge. *See Soso Liang Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827, 828 (2d Cir. 1986) (per curiam) (finding suit time-barred where plaintiff obtained a second right-to-sue letter based on facts identical to an expired, initial right-to-sue letter); *see also Rivera-Diaz v. Humana Ins. of Puerto Rico, Inc.*, 748 F.3d 387, 391 (1st Cir. 2014) (plaintiff's Title VII claim filed after the 90-day deadline could not be "resuscitated by the filing of a second administrative charge"); *Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1186 (10th Cir. 2006) ("lapsed claims are not revived by including them in a second EEOC charge and restarting the process"); *Spears v. Mo. Dep't of Corr. & Human Res.*, 210 F.3d 850, 853 (8th Cir. 2000) (barring plaintiff from filing suit based on second EEOC charge that replicated an untimely charge).

Allowing plaintiffs to renew expired claims in a ripe administrative charge would render "the time limitations of 42 U.S.C. § 2000e-5(f)(1) . . . meaningless, because potential Title VII plaintiffs could evade those requirements simply by seeking additional Notices of Right to Sue whenever they pleased." *Lo*, 787 F.2d at 828. Plaintiffs are thus entitled to rely on a ripe administrative charge that resembles an expired charge only to the extent that the former presents different, timely claims.

At the outset, the only timely event Ms. Washington identified in her Third Charge—meaning an event that occurred less than 180 days beforehand—was her termination.[2] Ms. Washington insists that the two charges meaningfully differ, given that she fully developed her termination claim in the Third Charge and added details she previously had no knowledge of when amending her Second Charge. Appellant Br. at 15. In her telling, the Second Charge focused on the series of events leading up to her termination, whereas the Third Charge identified the termination as a harm in and of itself. *Id.*

To be sure, Ms. Washington added new and detailed facts in her Third Charge that support her wrongful termination claim. *Compare* Amended Second Charge, J.A. 101–02 (listing wrongful termination as "other" type of discrimination and stating she was not aware what caused her termination), *with* Third Charge, J.A. 110 (alleging that an "inaccurate medical disqualification" led to her termination). But exhaustion does not require a plaintiff to spell out every detail of her discrimination claim. Quite the opposite. *Mills v. Hayden*, 284 F. Supp. 3d 14, 20 (D.D.C. 2018) (checking appropriate box for type of discrimination was sufficient to exhaust claim without narrative description); *cf. Marshall v. Fed. Exp. Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997) (noting that "[n]aturally every detail of the eventual complaint need not be presaged in the EEOC filing," but finding plaintiff failed to exhaust wrongful termination claim where she failed to mention her termination). Title VII's exhaustion requirement is designed to tailor the scope of the EEOC's potential investigation by placing the agency on notice of the relevant claims. *Marshall*, 130 F.3d at 1098. Ms. Washington's Amended Second Charge, complete with an additional box checked for "wrongful termination" and a narrative description of that termination, fulfilled that purpose. As such, Ms. Washington cannot now supplement the details of her

---

[2] Ms. Washington cannot salvage earlier claims of discrimination on a continuing violation theory, as that doctrine applies to hostile work environment claims, *see Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114–15 (2002), whereas her claim is for wrongful termination.

3

termination claim through a ripe administrative charge. Accordingly, we affirm the District Court's dismissal of Ms. Washington's claims.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/
Michael C. McGrail
Deputy Clerk

4